# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No. 1:09cr134 (LO)** |
| PHILLIP W. OFFILL, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA

COMES NOW subpoenaed witness RYAN REYNOLDS (hereinafter, Mr. Reynolds), by and through counsel, and files his memorandum in support of his motion to quash subpoena, seeking the entry of an Order quashing the trial witness subpoena issued and served upon him requiring his attendance at the trial in this matter.

### BACKGROUND

1. Mr. Reynolds is a resident of Dallas, Texas.

2. Mr. Reynolds has sole custody of his six year old daughter.

3. The defendant, PHILLIP W. OFFILL, through his counsel, the Office of the Federal Public Defender (hereinafter, the OFPD), sought the issuance of the subpoena for Mr. Reynold's attendance at the trial in this matter as a witness for the defendant. The subpoena was issued on November 18, 2009 and was served upon Mr. Reynolds on January 5, 2010.

4. Mr. Reynolds's criminal defense attorney, Joe Kendall, advised Kevin Brehm, Esquire, of the OFPD, that Mr. Reynolds would "assert his Fifth Amendment privilege in response to any and all questions in this proceeding" since he is an FBI

"target" and has been told he is going to be indicted and requested that Mr. Brehm release Mr. Reynolds from the subpoena, as more fully described in the Affidavit of Joe Kendall, attached hereto as Exhibit B, and incorporated herein by reference.

5. Mr. Brehm has advised counsel for Mr. Reynolds that he will limit his questioning of Mr. Reynolds on direct examination to the scope of what Mr. Reynolds testified during an SEC hearing. He acknowledged he could not control what questions the government might ask. Mr. Brehm also indicated that he has a transcript of Mr. Reynolds' testimony at that SEC hearing.

6. The government was a party at the above mentioned SEC hearing and examined Mr. Reynolds under oath.

7. As advised by his counsel, Mr. Reynolds will assert his Fifth Amendment privilege with respect to any and all appropriate information not previously disclosed.

8. Nevertheless, Mr. Offill demands Mr. Reynolds' attendance (see Exhibit A). Mr. Reynolds will suffer significant and oppressive hardship if he is forced to arrange care for his daughter and travel from Texas to this District to testify at this trial, simply to assert his privilege.

### *ARGUMENT*

Pursuant to Rule 17 of the Federal Rules of Criminal Procedure, and further pursuant to the inherent power of this Court to administer its affairs, this Court may quash or modify a subpoena if compliance with that subpoena would be unreasonable or oppressive.

Mr. Reynolds has, through counsel and in good faith, advised both this Court and counsel for both parties that, for the reasons shown in the Declaration of Joe Kendall, attached hereto as Exhibit B, he will assert his right to avoid self-incrimination pursuant to the fifth Amendment in

response to any questions, except those previously and specifically asked of and answered by him under oath in the previous SEC civil matter, which are available to both the government and the defendant herein through a transcript. The defendant has advised Mr. Reynolds that it will limit its questions, on direct examination, to questions within the scope of Mr. Reynolds' prior testimony. The government has made no such representation, leaving Mr. Reynolds at risk of questions to attack his credibility relating to the subject matters upon which he will not speak. Furthermore, the defendant has not limited any questions he may ask on redirect, again putting Mr. Reynolds at risk.

Mr. Reynolds cannot object to the use of his prior sworn testimony, nor does he; however, conditions have radically changed since that testimony, and Mr. Reynolds will not subject himself to jeopardy concerning the matters relevant to this case which go beyond the specific words he used in the prior SEC hearing.

Forcing Mr. Reynolds to appear in this District, leaving his small child and traveling from Texas, for the sole purpose of exercising his right to avoid self-incrimination, is a waste of judicial and governmental resources, as well as an unreasonable imposition on Mr. Reynolds. The potential benefit to either the defendant, or the government, from Mr. Reynolds' live testimony, is grossly outweighed by the oppressive hardship, including the potential risk, that providing such testimony would impose on Mr. Reynolds.

WHEREFORE, subpoenaed witness RYAN REYNOLDS respectfully requests that this Court find that his appearance at trial would result in significant and oppressive hardship to him, outweighing the potential benefit of his appearance as a witness for the defendant, PHILLIP W. OFFILL, and that this Court therefore quash the trial witness subpoena requiring the attendance of RYAN REYNOLDS at the trial in this matter as a witness for the defendant.

Respectfully submitted,

RYAN REYNOLDS

By: _____

WILLIAM B. CUMMINGS, ESQUIRE
VSB #6469
Attorney for RYAN REYNOLDS
WILLIAM B. CUMMINGS, P.C.
Post Office Box 1177
Alexandria, VA 22313
(703) 836-7997
FAX (703) 836-0238
Email: wbcpclaw@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on the 22nd day of January 2010, I hand-delivered and filed the foregoing with the Clerk of the Court using the initiating document aspect of the CM/ECF system, which will send notification of such filing (NEF) to the following:

Edmund P. Power
Assistant US Attorney
2100 Jamieson Ave.
Alexandria, VA 22314

Patrick F. Stokes
Assistant US Attorney
2100 Jamieson Ave.
Alexandria, VA 22314

Kevin Brehm
Office of Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314

William Todd Watson
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314

By: _____

WILLIAM B. CUMMINGS, ESQUIRE
VSB #6469
Attorney for RYAN REYNOLDS
WILLIAM B. CUMMINGS, P.C.
Post Office Box 1177
Alexandria, VA 22313
(703) 836-7997
FAX (703) 836-0238
Email: wbcpclaw@aol.com

# EXHIBIT A

**From:** Phillip Offill [pwojrlt@pwojr.com]
**Sent:** Wednesday, January 20, 2010 9:12 PM
**To:** Kevin Brehm
**Cc:** Joe Kendall; Todd Watson; Martha Day
**Subject:** Re: subpoena of Ryan Reynolds

Kendall isn't a bad sort, and I'd bet he's more interested in avoiding his client's inconvenience as anything else. I've had limited interaction with Ryan directly, as you know. In view of the fact that Ryan is only just now a target I really doubt he'd be that negative a
witness if he did, in fact, testify. Make him show and hang five.
That adds to the Burnett, Zhang, Luscko/Neu track as having no
relationship with me but being bad businessmen. I actually think he
has a deal of some manner anyway.

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:09cr134 (LO) |
| PHILLIP W. OFFILL, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## DECLARATION OF JOE KENDALL

I, Joe Kendall, declare that the following is true and correct. All statements are based on personal knowledge except as otherwise indicated.

1.  I am an attorney and counselor at law, licensed to practice law in the State of Texas in 1980. I am admitted to practice in eight (8) different United States' District Courts, six (6) different Circuit Courts of Appeal and the United States Supreme Court. In my career I served five and one half (5 ½) years as a Texas State District Court Judge and was a United States District Judge from 1992 until 2002. I am obviously over 18 years of age and competent to make this declaration. I am retained criminal defense counsel for RYAN REYNOLDS (hereinafter, Mr. Reynolds). I reside and practice in Dallas, Texas.

2.  I represent Mr. Reynolds with respect to a criminal investigation in the Northern District of Texas by the United States Attorney's Office and the FBI, involving alleged wrongdoing by Mr. Reynolds and involving fraud and the sale/purchase of securities. I was retained after referral by other counsel in the first part of 2009 after the Government informed Mr. Reynolds and his counsel in a parallel civil SEC investigation that he was the "Target" of a FBI criminal investigation subsequent to giving sworn testimony in an SEC hearing.

3.     On December 15, 2009 Mr. Reynolds and I attended a meeting at the U.S. Attorney's Office of the Northern District of Texas, at the Government's invitation. FBI agent Chris Derks and AUSA Alan Buie (214-659-8640) made a power point presentation of a case they developed against Mr. Reynolds that, in their view, established felony violations of, among other things, securities fraud under federal criminal law. It was indicated to myself and Mr. Reynolds that although the investigation would continue, Mr. Reynolds would be indicted. We left. No plea agreement has been discussed at all with the Government nor is such a discussion contemplated.

4.     On or about January 5, 2010 I was advised by Mr. Reynolds that Mr. Reynolds had been served with a subpoena to appear as a witness for the defendant PHILLIP W. OFFILL, in the case of *United States of America v. Phillip W. Offill,* Case No. 1:09cr134, in the United States District Court for the Eastern District of Virginia. I was in Colorado on a family vacation and did not return to my office until Monday, January 11. I met with Mr. Reynolds and made a copy of the subpoena. Since Mr. Reynolds indicated he had no idea what this could be about, had never done any business with Mr. Offill, and had had very little contact with Mr. Offill (a fact the Defendant acknowledges: see Exhibit A, the Offill January 20, 2010 email in which he describes his contact with Mr. Reynolds as "limited interaction with Ryan, as you know..." and, speaking of Mr. Reynolds, "as having no relationship with me") I placed a call to Mr. Brehm that afternoon to see what we were missing, and to decide whether a Motion to Quash was appropriate. The call went to voicemail. I went to the hospital, unexpectedly, the next morning. In any event, my voicemail was finally responded to, by an e-mail, on January 18, 2010. We exchanged e-mails this week but have never spoken.

5.      On January 19, 2010, I advised Kevin Brehm, Esquire, Assistant Federal Public Defender for the Easter District of Virginia, Mr. Offill's attorney, that Mr. Reynolds was an FBI "target" and if he were to appear to testify on Mr. Offill's behalf, Mr. Reynolds would refuse to answer any question and assert his privilege pursuant to the Fifth Amendment. I requested that Mr. Brehm withdraw the subpoena in light of these facts.

6.      On the following morning of Wednesday, January 20, Mr. Brehm informed me via email he nevertheless wanted Mr. Reynolds' testimony in Virginia the following Monday, January 25, 2010. I was not in the office Wednesday.

7.      On the evening of Wednesday, January 20th the Defendant, Phillip Offill sent Mr. Brehm an e-mail upon which he copied me. See Exhibit A of the Memorandum in Support of the Motion to Quash. In what I believe to be a cavalier attitude concerning the process, if not an abuse thereof, Mr. Offill, himself a lawyer of many years, amazingly tells his lawyer in reference to Mr. Reynolds that because of his "limited interaction" with Mr. Reynolds he doubted he would be a negative witness "if he did, in fact testify. Make him show up and hang five."

8.      I have reviewed Mr. Offill's indictment and the Ryan Reynolds transcript. It is my legal opinion that given there are no crossover transactions, they barely know one another, and indeed in the above e-mail Mr. Offill admits Ryan Reynolds is one "as having no relationship with me", Mr. Reynolds SEC testimony is irrelevant, or at least no more relevant than dozens of other *similarly situated virtual strangers in similar SEC investigations* that Mr. Offill could choose to subpoena at random and "make show up and hang five."

9.      Mr. Reynolds will assert his Fifth Amendment privilege to questions asked of him because he has been told within the last month he will be indicted as an outgrowth of the SEC investigation upon which he is being asked to give evidence.

10.    It seems that a workable common sense compromise to protect Mr. Offills' 6th Amendment rights and Mr. Reynolds' 5th Amendment Rights would be the one obtained by Mr. William B. Cummings, Esq., in this case on behalf of witness Timothy Page, agreed to by Mr. Offill and the Government. This is to allow admission of the transcript of the SEC hearing. Mr. Offill has the evidence he claims is relevant and that he needs for his defense and Mr. Reynolds stands zero chance of being put in a position to incriminate himself, or waste the Court and juries time by taking the Fifth to questions asked of him.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on January 22, 2010

_____
JOE KENDALL